UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:JOHN BASS | ) | |
| PETITIONER | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | ANCILLARY TO: 97-CR-80235 |
| | ) | Hon. Tarnow |

PETITIONER JOHN BASS' MOTION FOR LEAVE
TO TAKE DISCOVERY PURSUANT TO RULE 6 OF
RULES GOVERNING 2255 PROCEEDINGS

Petitioner John Bass pro se, hereby moves this Honorable Court for leave to take discovery pursuant to rule 6 of Rules Governing Section 2255 Proceedings ("rule 6") as set fourth below.

(1) Pursuant to Rule 6 of the Rules Governing 2255 Proceedings leave of Court is required to conduct discovery. Rule 6(a) states in pertinent part, as follows:

(a) Leave of Court required. A party may invoke the process of discovery available under the Federal Rules of Criminal Procedure or the Federal Rules of Civil procedure or eleswhere in

the usages and principles of law if, and to the extent that, the judge in the exercise of his discretion and for the good cause shown grants leave to do so...

(2) Filed a Concomitantly herewith, petitioner has filed a petition to Perpetuate Testimony.

(3) Petitioner believes that there is good cause in the context of the 2255 habeas corpus proceeding to permit the Perpetuation of testimony of William B. Daniel, Esq; Kathryn McCarthy, Esq.; Andrea Lyon, Esq., and John Minock, Esq.; any other person petitioner deems necessary to depose that was involved in or has material information related to either the trial or appellate proceedings.
   Petitioner contends that their testimony is sine qua non to providing his ineffective assistance of counsel claims in a 2255 proceeding.

(4) The testimony of these individuals is the only means by which Petitioner can prove his 2255 in the ineffective assistance of counsel claims.

   Wherefore, Petitioner requests that his motion for leave to take discovery be granted.

   Dated:_____

Respectfully Submitted,

_____

John Bass

#

P.O. BOX 12015

Terre Haute, IN. 47801