UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BASS,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Criminal Case No. 97-80235-1
Civil Case No. 16-12438

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER TRANSFERRING MOVANT'S SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [1111] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On August 11, 2003, a jury convicted Movant on Count One of the Fourth Superseding Indictment [Dkt. #931], which charged conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, and on Count Three, which charged firearms murder during or in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(j) and 2. The conspiracy charged in Count One served as the predicate "drug trafficking crime" for Movant's conviction on Count Three. On March 11, 2004, the Court sentenced Movant to concurrent terms of life in prison and entered Judgment

[1047].  After Movant appealed, the Sixth Circuit affirmed the judgment on August 30, 2006.  *United States v. Bass*, 460 F.3d 830 (6th Cir. 2006).

On June 9, 2008, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [1091].  The Court issued an Order [1103] denying the motion on October 28, 2010, followed by an Order [1108] denying Movant a certificate of appealability, issued January 21, 2011.  On April 29, 2011, the Sixth Circuit issued its own Order [1109] denying Movant a certificate of appealability.  On June 28, 2016, the Court received Movant's instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [1111], which he appears to have mailed on June 23, 2016.

Before filing, in this Court, a "second or successive" motion to vacate sentence under 28 U.S.C. § 2255, a movant must first file a motion in the Sixth Circuit for an order authorizing this Court to review the motion.  28 U.SC. §§ 2255(h), 2244(3)(A).  If a successive § 2255 motion is filed in this Court without such authorization, the Court lacks jurisdiction over it and must transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).  Before such transfer, however, the Court must determine in the first instance whether the motion is indeed "successive."  *Id.*

Movant appears to argue that the statutes under which he was convicted (1) are unconstitutionally vague for failure to give notice of the meaning of "offense against the laws of the United States;" (2) were enacted in excess of Congress's Article I powers; and (3) were enacted in violation of the Tenth Amendment's reservation of rights to the states and to the people. These arguments could have been raised in Movant's first § 2255 motion and therefore constitute "successive" claims. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007) (citing *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)).

Movant's final argument is that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016); *In re Boyett*, 628 F. App'x 431 (Mem.) (6th Cir. 2016) (citing *In re Watkins*, 810 F.3d 375, 377 (6th Cir. 2015)). The Sixth Circuit may authorize the Court to consider a successive § 2255 motion by certifying that it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). By requiring such certification, the statute implies that a § 2255 claim may be "successive" despite invoking such a rule. Indeed, the Sixth Circuit has recently denied a movant permission to file, in this Court, a successive § 2255 motion raising a

*Johnson* claim. *In re Desmond Rodgers*, No. 15-2462 (6th Cir. June 30, 2016). The Court therefore concludes that all claims in the instant § 2255 motion are "successive" and the Court lacks jurisdiction over them.

The Court must transfer Movant's unauthorized successive motion to the Sixth Circuit. *In re Smith*, 690 F.3d at 810 (citing *In re Sims*, 111 F.3d at 47). Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [1111] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: July 12, 2016                    Senior United States District Judge